William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
**BROOKS KUSHMAN P.C.**
601 S. Figueroa Street, Suite 2080
Los Angeles, CA 90017
Tel.: (213) 622-3003/Fax: (213) 622-3053

Mark A. Cantor (MI Bar No. P32661)
Rebecca J. Cantor (MI Bar No. P76826)
mcantor@brookskushman.com
rcantor@brookskushman.com
**BROOKS KUSHMAN P.C.**
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Tel.: (248) 358-4400/Fax: (248) 358-3351

*Attorneys for Plaintiff
Kitsch LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Kitsch LLC, a California company,<br><br>　　　　　Plaintiff,<br>v.<br><br>CM National Inc., a California corporation, Noam Krasniansky, an individual, and Irene Krasniansky, an individual,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR DECLARATORY JUDGMENT
# AND JURY DEMAND

Plaintiff Kitsch LLC ("Kitsch"), by and through its undersigned counsel, for its Complaint against Defendants CM National Inc., Noam Krasniansky, and Irene Krasniansky (collectively, "Defendants"), states as follows:

## I.     PARTIES

1. Plaintiff Kitsch is a Limited Liability Company organized under the laws of California, having a principal place of business at 307 N. New Hampshire, Los Angeles, California 90004.

2. On information and belief, Defendant CM National Inc. is a corporation organized under the laws of the State of California, having a principal place of business at 1959 Blake Ave, Unit L, Los Angeles, California 90039.

3. On information and belief, Defendant Noam Krasniansky, an individual, resides at 5443 Pine Cone Rd, La Crescenta, California 91214-1461 and owns and/or is an officer of Defendant CM National Inc.

4. On information and belief, Defendant Irene Krasniansky, an individual, resides at 5443 Pine Cone Rd, La Crescenta, California 91214-1461 and owns and/or is an officer of Defendant CM National Inc.

## II.     JURISDICTION AND VENUE

5. As detailed below, an actual case or controversy exists between Kitsch and the Defendants as to whether Kitsch has infringed or is infringing one or more valid and enforceable claims of U.S. Design Patent No. D698,996 ("the '996 Design Patent"), and whether the '996 Design Patent is invalid.

6. The Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Kitsch's state law claims

because they are so related to Kitsch's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue and personal jurisdiction are appropriate in this Court under 28 U.S.C. §§ 1391(b) and 1400(b) because one or more defendants are located in this District and/or because a substantial part of the events and omissions giving rise to Kitsch's claims occurred in this District.

## III. FACTUAL BACKGROUND

**A. Kitsch and Kitsch's Hair Coil Products**

8. Kitsch is a leading accessories manufacturer with products including, hair ties, headbands, and jewelry, including rings, necklaces, earrings and other fashion accessories. Today, Kitsch products can be found in over 2,000 locations worldwide and has sold to large retailers such as Nordstrom, Anthropologie, Free People, Kitson, Urban Outfitters, W Hotels, Francesca's and more. Kitsch additionally operates an e-commerce website that serves thousands of retail customers worldwide.

9. One of the many popular accessories Kitsch designed and manufactures is a "hair coil," which uses multiple coils to hold hair of different lengths and textures in place without leaving a crease or dent.

10. Among other venues, Kitsch advertises and sells its hair coils through the Amazon.com website.

11. Kitsch's hair coils are among its best-selling products on Amazon. In fact, the Kitsch hair coils have earned multiple "Amazon's Choice" badges, earning #1 and #3 positions in Amazon Hot New Releases (see Fig. 1), and #1 selling hair tie/elastic, all designations Amazon reserves for popular, top-selling and highly-rated goods:



Fig. 1

**B.     Defendants' Wrongful Conduct**

12.    Defendants are competitors of Kitsch that also sell hair accessories via Amazon, including "Ooo" hair ties that purport to hold hair in place using multiple coils.

13.    Defendant Noam Krasniansky is the named inventor on the '996 Design Patent, which was filed on April 13, 2012 and matured into a patent on February 4, 2014. *See* Exh. 1.  The '996 Design Patent, entitled "Cylindrical Hair Band," lists a single claim for "the ornamental design for a cylindrical hair band" that consists of 22 rings as illustrated in the patent. *Id*.

14.    Unlike utility patents that protect the manner in which a product is used and functions (35 U.S.C. §101), design patents only protect the way a product looks, i.e., the ornamental design characteristics embodied in or applied to the product (35 U.S.C. §171). The scope of protection afforded under a design patent is limited to the ornamental aspects of the claimed article alone and does not extend to any of the article's functional elements.

15. Additionally, a person is only entitled to patent a claimed invention that was *not* "described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention…." 35 U.S.C. §102(a).

16. The '996 Design Patent discloses an article that is entirely functional, given that the entire band is designed to hold various lengths and textures of hair. *See* Exh. 1. The only ornamental design disclosed in the '996 Design Patent is the number of coil rings, 22 according to the patent. *Id.*

17. In August 2017, Defendants filed a complaint with Amazon alleging that certain Kitsch hair coils infringed the '996 Design Patent and requested that Amazon remove Kitsch's products from the website. In reliance on Defendants' representations, Amazon removed multiple Kitsch hair coil products, including:

ASIN: B01HHGQRZG
ASIN: B01HHGQRZG
ASIN: B01G4GPPY4
ASIN: B07232K5Q4
ASIN: B0725N8HHJ
ASIN: B072FG5WCH
ASIN: B071Z6QZQ9
ASIN: B074KTXTZ9
ASIN: B074KTN8PY

18. For more than two months, Amazon precluded Kitsch from selling the Kitsch hair coils targeted by Defendants, costing Kitsch a substantial amount of lost revenue. Amazon did not lift the ban on Kitsch's products until Defendants withdrew the complaint in November 2017 after Kitsch pointed out that Defendants' claim of infringement was baseless for multiple reasons, including but not limited to the fact that (1) even a cursory internet search reveals numerous products virtually identical to the article claimed in the '996 Design Patent that were available for sale to the public years before the '996 Design Patent was filed in April 2012, rendering the '996 patent invalid, and (2) the only ornamental design disclosed in the '996 Design

Patent was the 22 coil rings spaced as indicated in the patent, whereas the Kitsch hair coils are different, taking the Kitsch hair coils outside the scope of the '996 Design Patent. These deficiencies were pointed out directly to Defendants in a letter sent on October 20, 2017. *See* Exh. 2.

19. Despite being aware that the Kitsch hair coils do not infringe any valid claim of the '996 Design Patent, on September 7, 2018 Defendants once again issued a complaint against multiple Kitsch hair coil products. Defendants again baselessly claimed that the Kitsch products (the same products Defendants previously targeted) infringe the '996 Design Patent. In reliance on Defendants' representations, Amazon again removed multiple Kitsch hair coil products, including:

ASIN: B072FG5WCH
ASIN: B07288PNFT
ASIN: B077GCNMH7
ASIN: B07C1D79YB
ASIN: B07HB937L8
ASIN: B0725N8HHJ
ASIN: B07HBB3L32
ASIN: B07BYRG1G5
ASIN: B01G4GPPY4
ASIN: B07DF5PFLK
ASIN: B07FP3686J
ASIN: B074KVK6H7
ASIN: B07232K5Q4
ASIN: B0769MTT1Z
ASIN: B077GDVQL7
ASIN: B01HHGQRZG
ASIN: B01HHGQIXW

20. To date, Amazon continues to preclude Kitsch from selling the Kitsch hair coils targeted by Defendants' most recent complaint. Kitsch suffers lost revenue each day it is banned from selling its products on Amazon.

21. On September 24, 2018, Kitsch contacted Defendants and demanded that they withdraw their baseless Amazon complaint against the Kitsch hair coil products. Defendants refused.

22. On September 27, 2018, Defendants replied, acknowledging the risk of invalidity of the '996 Design Patent, but nonetheless sent a take-down notice to Amazon:

> "At this point I would like to make some money on Amazon, but you are getting in the way of this. And all my hard work, the patent and my policing of the patent, is only rewarding you. If you would like you can invalidate my patent and open the flood gates to thousands and thousands of sellers, which will sell this product much below your price point."

23. Defendants' repeated filing of baseless complaints against Kitsch, asserting claims of infringement that Defendants know or should know to be completely baseless, are deliberate and willful. In an apparent effort to unlawfully obtain a competitive advantage, Defendants intended to and have caused disruption of Kitsch's business and standing as an Amazon retailer.

24. As a direct result of Defendants' actions, Kitsch has suffered and will continue to suffer significant harm to its business, goodwill, reputation and profits.

25. Kitsch has no adequate remedy at law. Kitsch has suffered and will continue to suffer immediate and irreparable injury, loss and damage as a result of Defendants' deliberate and wrongful actions. Kitsch will continue to suffer irreparable harm unless Defendants are preliminarily and permanently enjoined by this Court.

## IV. COUNT I:
## DECLARATION OF PATENT INVALIDITY

**(Alleged Against Defendant Noam Krasniansky)**

26. Kitsch repeats and realleges the allegations of the preceding paragraphs as of set forth herein.

27. The claims of the '996 Patent are invalid under 35 U.S.C. §§102, 103 and 112.

28. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kitsch requests a declaration from the Court that the '996 Patent is invalid.

## V. COUNT II
## DECLARATION OF NON-INFRINGEMENT

**(Alleged Against Defendant Noam Krasniansky)**

29. Kitsch repeats and realleges the allegations of the preceding paragraphs as of set forth herein.

30. Kitsch is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and enforceable claims of the '996 Patent.

31. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kitsch requests a declaration from the Court that Kitsch does not and has not infringed the '996 Patent.

## VI. COUNT III
## DECLARATION OF PATENT MISUSE

**(Alleged Against Defendant Noam Krasniansky)**

32. Kitsch repeats and realleges the allegations of the preceding paragraphs as of set forth herein.

33. Defendant Noam Krasniansky's wrongful conduct as alleged herein has and is likely to cause relevant entities and/or consumers, including Amazon, to

have a false impression as to the scope of Defendant Noam Krasniansky's intellectual property rights in the '996 Design Patent, including that Defendant Noam Krasniansky's rights are more expansive than actually afforded under the '996 Design Patent and superior to Kitsch's intellectual property rights in the Kitsch hair coil products Defendant Noam Krasniansky's repeatedly and falsely accuses of patent infringement.

34.   Defendant Noam Krasniansky's conduct as alleged herein was and is willful and intentional, and was intended to and has enabled Defendant Noam Krasniansky to wrongfully disrupt Kitsch's business and standing as an Amazon retailer and gain an unlawful competitive advantage.

35.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Kitsch requests a declaration from the Court that the '996 Patent is invalid due to Defendant Noam Krasniansky's patent misuse.

## VII.   COUNT IV
## INTENTIONAL INTERFRENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

**(Alleged against All Defendants)**

36.   Kitsch repeats and realleges the allegations of the preceding paragraphs as of set forth herein.

37.   Kitsch has a valid and existing contract with Amazon that enables Kitsch to advertise and sell various products, including the Kitsch hair coil products at retail to consumers.

38.   Defendants were well aware of Kitsch's economic relationship with Amazon.

39.   Defendants' aforementioned intentional acts, namely Defendants' repeated filing of complaints against Kitsch asserting claims of infringement that Defendants know or should know to be completely baseless, were designed to and

did interfere with Kitsch's economic relationship with Amazon by wrongfully inducing Amazon to ban Kitsch from selling its hair coil products.

40. As a direct and proximate result of Defendants' conduct, Kitsch has suffered irreparable harm to its business, goodwill and reputation, including monetary damages of at least one million ($1,000,000) dollars.  Unless Defendants are restrained from such conduct, Kitsch will continue to be irreparably harmed.

41. Kitsch has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

## VIII.  COUNT V
## INTENTIONAL INTERFERENCE WITH
## CONTRACTUAL RELATIONS

### (Alleged against all Defendants)

42. Kitsch repeats and realleges the allegations of the preceding paragraphs as of set forth herein.

43. Kitsch has a valid and existing contract with Amazon that enables Kitsch to advertise and sell various products, including the Kitsch hair coil products at retail to consumers.

44. Defendants were well aware of Kitsch's contractual relationship with Amazon.

45. Defendants' aforementioned intentional acts, namely Defendants' repeated filing of complaints against Kitsch asserting claims of infringement that Defendants know or should know to be completely baseless, was designed to and did induce a breach or disruption of Kitsch's contractual relationship with Amazon by wrongfully inducing Amazon to ban Kitsch from selling its hair coil products.

46. As a direct and proximate result of Defendants' conduct, Kitsch has suffered irreparable harm to its business, goodwill and reputation, including

monetary damages of at least one million ($1,000,000) dollars. Unless Defendants are restrained from such conduct, Kitsch will continue to be irreparably harmed.

47. Kitsch has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

## IX.   COUNT VI
## COMMON LAW UNFAIR COMPETITION

### (Alleged against All Defendants)

48. Kitsch repeats and realleges the allegations of the preceding paragraphs as of set forth herein.

49. This claim arises under the common law of the State of California relating to unfair competition.

50. Defendants' wrongful conduct as alleged herein has and will continue to cause disruption of Kitsch's business and standing as an Amazon retailer and significant harm to Kitsch's goodwill, reputation and profits.

51. Defendants have thus committed unfair competition under the common law of the State of California.

52. Defendants' conduct as alleged herein was and is willful and intentional.

53. As a direct and proximate result of Defendants' conduct, Kitsch has suffered irreparable harm to its business, goodwill and reputation, including monetary damages of at least one million ($1,000,000) dollars. Unless Defendants are restrained from such conduct, Kitsch will continue to be irreparably harmed.

54. Kitsch has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

55. Upon information and belief, Defendants have engaged in the wrongful conduct alleged herein intentionally, maliciously, fraudulently and/or oppressively, entitling Kitsch to punitive and exemplary damages in an amount to be determined at trial.

## X.   COUNT VII
## STATUTORY UNFAIR COMPETITION –
## CALIFORNIA BUS. & PROF. CODE §17200, *et seq.*

### (Alleged against All Defendants)

56. Kitsch repeats and realleges the allegations of the preceding paragraphs as of set forth herein.

57. By virtue of the conduct described herein, Defendants have been and are engaged in "unlawful, unfair or fraudulent business act[s] or practice[s]" in violation of California Business and Professions Code Section 17200, *et seq*.

58. As a direct and proximate result of Defendants' conduct, Kitsch has suffered irreparable harm to its business, goodwill and reputation, including monetary damages of at least one million ($1,000,000) dollars. Unless Defendants are restrained from such conduct, Kitsch will continue to be irreparably harmed.

59. Kitsch has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' conduct is allowed to continue.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a. A declaration that Kitsch does not infringe and has not infringed any claims of the '996 patent;

b. A declaration that the '996 patent is invalid under 35 U.S.C. §§102, 103 and 112;

c. A declaration that the '996 patent is invalid due to patent misuse;

     d.    A determination that the Defendants have intentionally interfered with Kitsch's prospective economic advantage, that Kitsch been damaged by such interference, and that Defendants are liable to Kitsch for such interference;

     e.    A determination that the Defendants have intentionally interfered with Kitsch's contractual relations, that Kitsch been damaged by such interference, and that Defendants are liable to Kitsch for such interference;

     f.    A determination that the Defendants have committed common law unfair competition, that Kitsch been damaged by such violations, and that Defendants are liable to Kitsch for common law unfair competition;

     g.    A determination that the Defendants have violated Calif. Bus. & Prof. Code §§17200 *et seq.*, that Kitsch been damaged by such violations, and that Defendants are liable to Kitsch for such violations;

     h.    A declaration that this is an exceptional case and award Kitsch its costs, disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

     i.    Under all claims for relief, including Cal. Bus. & Prof. Code § 17203, a preliminary and permanent injunction restraining and enjoining Defendants and their officer, agents, attorneys and employees, and those acting in privity or concert with them, from committing acts of unfair competition; and

     k.    Such other and further relief as the Court may deem just and proper.

Dated: <u>October 4, 2018</u>         Respectfully submitted,

By: <u>/s/ William E. Thomson, Jr.</u>
William E. Thomson, Jr. SBN 47195)
Mark A. Cantor (MI BAR No. P32661)
Rebecca J. Cantor (MI Bar No. P76826)
wthomson@brookskushman.com
mcantor@brookskushman.com
rcantor@brookskushman.com
**BROOKS KUSHMAN P.C.**
601 S. Figueroa Street, Suite 2080
Los Angeles, CA 90017
Tel.: (213) 622-3003/Fax: (213) 622-3053

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff Kitsch LLC demands trial by jury of all issues in this action so triable.

Dated: October 4, 2018 　　　　　Respectfully submitted,

By: /s/ William E. Thomson, Jr.
William E. Thomson, Jr. SBN 47195)
wthomson@brookskushman.com
**BROOKS KUSHMAN P.C.**
601 S. Figueroa Street, Suite 2080
Los Angeles, CA 90017
Tel.: (213) 622-3003/Fax: (213) 622-3053

Mark A. Cantor (MI Bar No. P32661)
Rebecca J. Cantor (MI Bar No. P76826)
mcantor@brookskushman.com
rcantor@brookskushman.com
**BROOKS KUSHMAN P.C.**
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Tel: (248) 358-4400/Fax: (248) 358-3351

*Attorneys for Plaintiff*